IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS,

BROWNSVILLE DIVISION

| | |
|---|---|
| **A-PRO TOWING AND RECOVERY, LLC, & EDUARDO PENA,**  *Plaintiffs*, <br><br> vs. <br><br> **CITY OF PORT ISABEL, & MARTIN CANTU SR.,**  *Defendants*. | **CIVIL ACTION NO. 1:19-cv-00016** |

**PLAINTIFF'S JOINT RESPONSE TO NON-PARTIES' MOTIONS TO QUASH MARIA DEL PILAR CANTU, MARTIN CANTU JR., AND MERCED CANTU'S SUBPOENAS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES A-PRO TOWING AND RECOVERY, LLC ("Plaintiff") and files its Joint Response to Non Parties Maria Del Pilar Cantu, Martin Cantu Jr., and Merced Cantu's Motions to Quash Subpoenas for Deposition by Written Question on Maria Del Pilar Cantu, Martin Cantu Jr., and Merced Cantu (hereafter the "Motions"), and state as follows:

I.     SUMMARY OF THE CASE

1. Plaintiff issued three subpoenas for deposition by written questions ("DWQ") to non-party witnesses Maria Del Pilar Cantu (hereafter "Maria"), Martin Cantu Jr. (hereafter "Jr."), and Merced Cantu (hereafter "Merced"), or (collectively hereafter the "Subpoenaed Persons"). The procedural validity and service of the subpoenas to these nonparties is not at issue.

2. The Subpoenaed Persons have filed their objections to the information requested. The objections should be overruled, and a protective order denied, because:

a. No privilege exists between Martin Cantu Sr. and any of the Subpoenaed Persons, thus the requested information is not protected;

b. The information requested is narrowly tailored and thus not unduly burdensome;

c. The Trade Secret Privilege does not apply because the information requested is not confidential; and

d. Finally, since the Plaintiff narrowly tailored its DWQs, the Subpoenaed Persons are not subjected to any undue burden and expense. Consequently, neither the Plaintiff nor its undersigned attorney should be sanctioned for merely utilizing the tools of discovery.

## II.    ARGUMENT

3. The Subpoenaed Persons' objections to the subpoenas lack merit.

**A. No Privilege Exists between Martin Cantu, Sr. and Any of the Subpoenaed Persons.**

4. The Motions assert that a privilege exists and that no exception applies, however the Motions fail to state which privilege apply. The parallel cite provided concerns recognition of a qualified report's privilege under the First Amendment to the United States Constitution. *Re/Max Int'l v. Century 21 Real Estate Corp.*, 846 F. Supp. 910, 911 (D. Colo. 1994). To the Plaintiff's knowledge Jr. is not a reporter. Neither is Maria or Merced. Thus, the privilege suggested is wholly inapplicable.

5. Further, no Federal Appellate court has recognized a parent-child privilege. *Under Seal v. United States*, 755 F.3d 213, 215 (4th Cir. 2014). In the absence of need, "reason and experience" do not warrant creation of the privilege in the face of substantial authority to the contrary. *Id.*

6. Thus, since the Motions assert no need, no privilege should be created or enforced where one does not exist.

**B. The Material Requested was Not Unduly Burdensome.**

7. A court will find a subpoena imposes an undue burden if it makes overbroad requests. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

8. Whether a subpoena is overbroad depends upon the facts in each case. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). In making such a determination, courts usually examine whether the subpoena is limited by reasonable time restrictions or reasonably specific descriptions of the desired documents. *Id*. The party moving to quash bears the "the heavy burden of establishing that compliance with the subpoena would be '"unreasonable and oppressive." *Id*.

9. The Motions do not list any reason that the subpoenas are unreasonable or oppressive. Thus, The Subpoenaed Persons have not met their burden of establishing the subpoenas are overbroad or in turn unduly burdensome.

10. Further, the parallel cited case, *Linder,* concerns the production of thousands of documents, most of which classified. *Linder v. NSA*, 94 F.3d 693, 695 (D.C. Cir. 1996). The current Motions concern objections to Plaintiff's DWQs.

11. All the Plaintiff's DWQs are narrowly tailored to:

    a. inquire about the business practices of towing companies associated with the Cantu family;

    b. Learn what relationship, if any, these business have to each other to better learn if they are truly a single entity, which comprises a monopoly; and

    c. Ascertain if those businesses are subjected to the same predatory practices that the Plaintiff has endured.

12. This information is vital to establishing violations of the Plaintiff's Constitutional rights and a monopoly under the Sherman act.

13. Additionally, the Plaintiff's DWQs request nothing that would not be tracked in the normal course of business.

14. Consequently, not only is the cited case law again wholly inapplicable, but by narrowly tailoring its questions, the Plaintiff has taken steps to avoid imposing an undue burden on the subpoena recipients.

15. As such, the Motions' objections on the basis of undue burden are meritless.

**C. The Trade Secret Privilege does not Apply.**

16. As per the Motions' cited case law, the court applied a balancing test to determine whether the need of the party seeking disclosure outweighs the adverse effect disclosure would have on the policies underlying the claimed privilege. *Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 528 (D.Del. 2002).

17. If the information sought is confidential and its disclosure might be harmful, then "the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case." *Id.*

18. Note that the Motions again lack specificity as to which inquiry requests confidential information. That aside, none of the requested information is confidential or would pose a competitive advantage to the Plaintiff. The information requested is as follows:

   a. "Currently what is your ownership interest in Wrecker Service?

   b. Previously what is your ownership interest in Wrecker Service?

   c. Does Wrecker Service still exist?

   d. Please state Wrecker Service's Texas Department of Licensing and Regulation's Identification number (hereafter "TDLR") as listed on its registration certificate from the State of Texas.

  e. How many wreckers are owned by Wrecker Service? If Wrecker Service no longer exists how many wreckers were owned by Wrecker Service before it dissolved? Please list each of them including the VIN number, license plate number and identification number from the TDLR.

  f. Please list all employees and contractors that worked for Wrecker Service, the dates they worked, the employee or contractor's title, and position.

  g. Please detail and describe any city code violations and/ or tickets that Wrecker Service may have received form the City of Port Isabel as far back as 2015, and/or any notice that Wrecker Service might be removed from Port Isabel's tow rotation list."

19. The requested information should have all been disclosed to the State under Chapter 86 of the Texas Administrative Code in order to operate as a towing business. 16 T.D.L.R. §86 (2018).

20. The above information is also required under Chapter 11, Article VI, Sec. 11-202-03 of Port Isabel's Code of Ordinances in order to be added to the City of Port Isabel's Police Department Tow Rotation list.

21. Further, records of the above information are required to be kept for a minimum of two years. 16 T.D.L.R. §86.1002 (2018).

22. By operation of the law, the requested information cannot be confidential. Rather, it should have long ago been disclosed to the State and the City.

23. Since the requested information is not confidential, the burden is not on the Plaintiff to demonstrate that the information is necessary, though as discussed above the information is necessary to the case.

24. Given that the Cantus are such a force in the local tow trucking industry[1] and, indeed, within Port Isabel governance[2], and given the inconsistencies that can be seen in their required licensing and permeating filings[3], there is need for the requested information if for no other reason than to have it strait and correct.

25. Consequently, the Trade Secret Privilege does not apply and the Motions' Trade Secret objections are meritless.

**D.  Sanctions.**

26. The Plaintiff does not the Court's predilection towards granting sanctions against parties engaged in the discovery process. It has been the Plaintiff's undersigned counsel's experience that sanctions should only be requested for severe abuses of the rules of procedure, ethical violations, or other outrages against the courts, including fellow litigants. No such abuses occurred here.

27. As shown above in section (B), the Plaintiff did not subject the Subpoenaed Persons to undue burden. Rather, the Plaintiff narrowly tailored its inquiry to minimize the burden (and also the grounds to object).

28. Nor did the Plaintiff subject the Subpoenaed Persons to undue expense given that the requested information is of a kind that the State and municipality already require to be maintained in the normal course of operating a towing business.

29. The Subpoenaed Parties' basis for sanctions is meritless.

30. Further, a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. Pro. 11. Since, the motions entirely lack specificity, and the request for sanctions is merely tacked at the end of the

---

[1] Through reason and belief, Cantu family members' tow truck businesses comprise 5 out of 6 of spots on Port Isabel Police Department's Towing Rotation List;
[2] Martin Cantu, Jr. is the Port Isabel Commissioner for Place 1; Martin Cantu, Sr. is the Commissioner for Place 3;
[3] Exhibit One: Permits for Wreckers used by the Cantu family.

Motions, not only is the request for sanctions meritless, it should be tossed aside for procedural deficiencies.

### III.    CONCLUSION

Plaintiff A-PRO TOWING AND RECOVERY, LLC requests that the Court DENY the Non Parties' Motions to Quash Plaintiff's Subpoenas for Deposition by Written Question and grant the Plaintiff such further relief as is just and equitable.

Respectfully submitted,

**THE GOLDBERG LAW OFFICE, PLLC**
*/s/ Daniel J Goldberg*
Daniel Goldberg
Federal Bar No.:  866400
TBN:  24052856
2006 Commonwealth Street
Houston, Texas 77006
P: 713-942-0600
F: 713-942-0601
DJG@LawGoldberg.com

**STAPLETON & STAPLETON, PC**
Ed Stapleton
S.D. Tex. ID. No. 1501
TBN:  19058400
2401 Wildflower drive, Suite C
Brownsville, Texas 78526
P: 956-504-0992
F: 956-504-0814
Stapletonstapleton@icloud.com
**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing "Plaintiff's Response to Non-Parties' Motions to Quash Subpoenas on Maria Del Pilar Cantu, Martin Cantu Jr., and Merced Cantu." was served on the Non-Parties, by and through their attorney of record, Carlos Escobar, 100 S. Bicentennial Blvd., McAllen, Texas 78501, via electronic email at carlos@escobarlawfirm.com  and Defendant, Martin Cantu Sr., by and through Defendant's attorneys of record, J Arnold Aguilar and Francisco J. Zabarte, 990 Marine Dr. Brownsville, Texas 78520, via electronic filing through Pacer, on this the 11th of December, 2019.

*/s/ Daniel J Goldberg*_____
Daniel J. Goldberg